the price, at the time of exportation of such merchandise to the United States, at which such or similar merchandise is freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, and that the foreign value, if any, of such or similar merchandise is no higher.

It is further stipulated and agreed that this case may be submitted on the foregoing stipulation.

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values are the appraised values, less the additions made by the importer on entry because of advances by the appraiser in similar cases.

Judgment will be rendered accordingly.

GONDRAND TRANSPORT CORP. *v*. UNITED STATES

No. 7138.—Invoice dated Appley Bridge, England, April 9. 1946.
Certified April 12, 1946.
Entered at New York, N. Y., April 26, 1946.
Entry No. 755833.

(Decided April 3, 1947)

*Rolnick & Asofsky* (*Irwin Asofsky* of counsel) for the plaintiff.
*Paul P. Rao*, Assistant Attorney General, for the defendant.

KINCHELOE, Judge: These appeals for reappraisement have been submitted for decision upon the following stipulation of counsel for the parties hereto:
(Stipulation omitted.)

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values are the appraised values, less the additions made by the importer on entry because of advances by the appraiser in similar cases.

Judgment will be rendered accordingly.

INTER-MARITIME FORWARDING CO., INC. *v*. UNITED STATES

No. 7139.—Invoices dated London, England, March 25, 1946, etc.
Certified March 28, 1946, etc.
Entered at New York, N. Y., April 11, 1946, etc.
Entry Nos. 752099; 764052.

(Decided April 3, 1947)

*Tompkins & Tompkins* (*J. Stuart Tompkins* of counsel) for the plaintiff.
*Paul P. Rao*, Assistant Attorney General, for the defendant.

KINCHELOE, Judge: These appeals for reappraisement have been submitted for decision upon the following stipulation of counsel for the parties hereto:
(Stipulation omitted.)

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values are the appraised values, less the additions made by the importer on entry because of advances by the appraiser in similar cases.

Judgment will be rendered accordingly.

MEADOWS WYE & CO., INC. *v.* UNITED STATES

**No. 7140.**—Invoice dated Leicester, England, June 1, 1946.
Certified June 20, 1946.
Entered at New York, N. Y., July 5, 1946.
Entry No. 700200.

(Decided April 3, 1947)

*Jordan & Klingaman* for the plaintiff.
*Paul P. Rao*, Assistant Attorney General, for the defendant.

KINCHELOE, Judge: This appeal for reappraisement has been submitted for decision upon the following stipulation of counsel for the parties hereto:
(Stipulation omitted.)

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values are the appraised values, less the additions made by the importer on entry because of advances by the appraiser in similar cases.

Judgment will be rendered accordingly.

DE GRAUW, AYMAR & CO. ET AL. *v.* UNITED STATES

**No. 7141.**—Invoices dated Arbroath, England, July 9, 1946, etc.
Certified July 10, 1946, etc.
Entered at New York, N. Y., August 13, 1946, etc.
Entry No. 712615, etc.

(Decided April 3, 1947)

*John D. Rode* for the plaintiffs.
*Paul P. Rao*, Assistant Attorney General, for the defendant.

KINCHELOE, Judge: The appeals for reappraisement listed in schedule A, hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:
(Stipulation omitted.)

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values are the appraised values, less the additions made by the importers on entry because of advances by the appraiser in similar cases.

Judgment will be rendered accordingly.